IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00141-RWS-KPJ |
| ) | |
| ASSURED AUTO GROUP, INC., et al. ) | |
| ) | |
|    Defendants. ) | |

**DEFENDANTS, SUNPATH, LTD. AND
NORTHCOAST WARRANTY SERVICES, INC.'S,
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 1

II.   STATEMENT OF FACTS ................................................................................................. 2

III.  LEGAL STANDARD.......................................................................................................... 3

IV.  ARGUMENT ...................................................................................................................... 5

    A.   **This Court Lacks General Jurisdiction Over SunPath and Northcoast.** ................... 6

    B.   **This Court Lacks Specific Jurisdiction Over SunPath and Northcoast.** .................. 7

    C.   **Asserting personal jurisdiction over SunPath and Northcoast does not comport with the principles of fair play and substantial justice.**......................................................... 8

    D.   **Direct Liability Is Not Plausibly Alleged as to SunPath or Northcoast.** ................... 9

    E.   **Vicarious Liability Is Not Plausibly Alleged as to SunPath or Northcoast.**............ 11

V.   CONCLUSION.................................................................................................................. 13

# **TABLE OF AUTHORITIES**

Cases

*Alexander v. Greenwood Hall, Inc.*,
2019 U.S. Dist. LEXIS 113956 (S.D. Tex. July 8, 2019)............................................. 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 4, 5

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
459 U.S. 519 (1983)...................................................................................................... 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)............................................ 4, 5

*Clemens v. McNamee*, 615 F.3d 374 (5th Cir. 2010) ....................................................... 5

*Cunningham v. CBC Conglomerate LLC*,
359 F. Supp. 3d 471 (E.D. Tex. 2019).......................................................................... 3

*Cunningham v. Health Plan Intermediaries Holdings, LLC*,
2018 U.S. Dist. LEXIS 22921 (N.D. Ill. Feb. 13, 2018) .............................................. 1

*Cunningham v. Kondaur Capital*,
2014 U.S. Dist. LEXIS 183095 (M.D. Tenn. Nov. 19, 2014) ...................................... 1, 13

*Cunningham v. Lifestyles Dev., LLC*,
2019 U.S. Dist. LEXIS 154112 (E.D. Tex. Aug. 8, 2019) ........................................... 1, 11,
............................................................................................................................... 12, 13

*Cunningham v. Politi*,
2019 U.S. Dist. LEXIS 102449 (E.D. Tex. Apr. 30, 2019).......................................... 11

*Cunningham v. Sunshine Consulting Grp., LLC*,
2018 U.S. Dist. LEXIS 121709 (M.D. Tenn. July 20, 2018) ....................................... 1

*Hargrove v. Underwriters at Lloyd's*, 937 F. Supp. 595 (S.D. Tex. 1996)..................... 9

*Head v. Las Vegas Sands, LLC*, 760 F. App'x 281, 284 (5th Cir. 2019)....................... 6

*Hudnall v. State Bar of Georgia*,
2016 U.S. Dist. LEXIS 79663 (W.D. Tex. June 18, 2016).......................................... 5

*Lander v. Larocque*,
2019 U.S. Dist. LEXIS 212460 (E.D. Tex. Nov. 6, 2019) ........................................... 4

*Matheson Tri-Gas, Inc. v. FlexTM, Inc.*,
2018 U.S. Dist. LEXIS 87195 (S.D. Tex. May 24, 2018)............................................ 9

*Monkton Ins. Servs. v. Ritter*, 768 F.3d 429 (5th Cir. 2014).......................................... 6

*Reese v. Marketron Broad. Sols., LLC,*
2018 U.S. Dist. LEXIS 803 (E.D. La. Jan. 3, 2018)...................................................... 10

*Sangha v. Navig8 Shipmanagement Private Ltd.,*
882 F.3d 96 (5th Cir. 2018) ........................................................................................... 6

*Sealed Appellant 1 v. Sealed Appellee 1*,
625 F. App'x 628 (5th Cir. 2015) .................................................................................. 4

*Torch Liquidating Trust v. Stockstill*, 561 F.3d 377 (5th Cir. 2009) .............................. 13

*United States ex rel. Adrian v. Regents of Univ. of Cal.*,
363 F.3d 398 (5th Cir. 2004) ........................................................................................ 13

*Walker v. Beaumont Indep. Sch. Dist.*,
2016 U.S. Dist. LEXIS 41408 (E.D. Tex. Mar. 11, 2016)............................................ 13

*Zoch v. Daimler*,
2017 U.S. Dist. LEXIS 169240 (E.D. Tex. May 16, 2017).......................................... 3, 7, 9

Regulatory Decisions

*In re Dish Network, LLC*, 28 FCC Rcd. 6574 (2013)..................................................... 9, 10, 11

Defendants SunPath, Ltd. ("SunPath") and Northcoast Warranty Services, Inc. ("Northcoast"), by and through undersigned counsel, submit this Motion to Dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## I.   INTRODUCTION

Plaintiff Craig Cunningham ("Plaintiff" or "Cunningham") is a serial TCPA plaintiff whose pleadings repeatedly fail to survive a motion to dismiss, in this Court and others.[1] Undeterred, the Complaint against Sunpath and Northcoast includes the same broad, conclusory allegations as Plaintiff's prior, unsuccessful pleadings.

First, there is no basis for this Court to assert personal jurisdiction over either SunPath or Northcoast in this matter. Neither entity has any ties to Texas that could support the Court's exercise of personal jurisdiction over them. Both companies are Delaware corporations. SunPath has its principal place of business in Massachusetts, and Northcoast has its principal place of business in Ohio. Likewise, neither Northcoast nor SunPath played any role in in the allegedly unlawful phone calls to Plaintiff's cell phone that are the entire basis for his claims, and Plaintiff's Complaint does not sufficiently allege that they did.

Second, Plaintiff makes vague and impermissible allegations that attribute actions to all of the defendants collectively, and intimates that some defendants could possibly be vicariously liable

---

[1] *See, e.g., Cunningham v. Lifestyles Dev., LLC*, CIVIL ACTION NO. 4:19-CV-00006-ALM-CAN, 2019 U.S. Dist. LEXIS 154112, at *9-15 (E.D. Tex. Aug. 8, 2019) (granting motion to dismiss after finding plaintiff had not sufficiently pleaded agency theories); *Cunningham v. Kondaur Capital, No.* 3:14-1574, 2014 U.S. Dist. LEXIS 183095, at *9-13 (M.D. Tenn. Nov. 19, 2014) (same); *Cunningham v. Sunshine Consulting Grp., LLC*, No. 3:16-2921, 2018 U.S. Dist. LEXIS 121709, at *14 (M.D. Tenn. July 20, 2018) (finding "alleged actions of the [defendants] in this case do not support a plausible legal claim" for vicarious liability), *report and recommendation adopted*, No. 3:16-CV-02921, 2018 U.S. Dist. LEXIS 234809 (M.D. Tenn. Aug. 7, 2018); *Cunningham v. Health Plan Intermediaries Holdings, LLC*, No. 17-cv-1216, 2018 U.S. Dist. LEXIS 22921, at *19 (N.D. Ill. Feb. 13, 2018) (finding Plaintiff's "conclusory allegations fail to state a claim for vicarious liability").

for the calls in question but alleges *no facts* upon which an agency relationship between any of the defendants could be reasonably inferred.  All of these allegations are merely unsubstantiated legal conclusions that are controverted by the sworn declarations of officers of SunPath and Northcoast, respectively.  Neither SunPath nor Northcoast initiates outbound sales calls to consumers.  Neither SunPath nor Northcoast has ever initiated a call to Plaintiff, including the fifteen (15) calls upon which he bases his claims. Compl. ¶ 31.  Finally, SunPath and Northcoast do not make robocalls, nor do they authorize any other parties to make robocalls on their behalf.

In short, Plaintiff fails to make the required *prima facie* showing that SunPath or Northcoast should be subject to personal jurisdiction here.  And Plaintiff impermissibly fails to allege which of the named defendants initiated the calls at issue (as required to establish direct liability under the TCPA), or should be held liable under federal common-law agency principles (as required to establish vicarious liability under the TCPA).  For the same reasons stated above, Plaintiff's claims under the Texas Business and Commerce Code § 305.053 and 47 C.F.R. § 64.1200(d) similarly fail. The Court should therefore grant Northcoast and SunPath's Motion to Dismiss.  And because this Court has repeatedly dismissed nearly identical filings by Plaintiff, dismissal should be with prejudice.

## II.     STATEMENT OF FACTS

1.     Plaintiff filed this action for damages, claiming that all of the Defendants violated the Telephone Consumer Protection Act ("TCPA") by allegedly making fifteen calls to his cell phone, using what Plaintiff claims was an automatic telephone dialing system.  Compl. ¶¶ 30-39.

2.     SunPath is a Delaware corporation engaged in selling and administering extended automotive service agreements, with its principal offices in Braintree, Massachusetts.  *See* Garcia Decl. ¶¶ 2, 7.

3. Northcoast is a Delaware corporation that issues those automobile service contracts to consumers, with its principal place of business in Ohio. Moses Decl. ¶¶ 2, 3.

4. Regardless of the merits of Plaintiff's claims that the subject calls were unlawful, neither SunPath nor Northcoast were involved with the calls at issue. Neither SunPath nor Northcoast make *any* outgoing marketing calls to consumers, and neither made the alleged calls to Plaintiff that are the subject of this case. Additionally, neither SunPath nor Northcoast controlled or authorized any party to make the alleged calls to Plaintiff. Garcia Decl. ¶¶ 5, 6; Moses Decl. ¶¶ 6-11.

### III.   LEGAL STANDARD

As Plaintiff knows, "[a]fter a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists." *Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471, 476 (E.D. Tex. 2019) (quoting *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 U.S. Dist. LEXIS 101757, at *4 (E.D. Tex. June 19, 2018)). To satisfy this burden, a plaintiff must "'present sufficient facts to make out only a *prima facie* case supporting jurisdiction,' if [the] court rules on [the] motion without an evidentiary hearing." *Id.* (internal citations omitted) (quoting *Lahman*, 2018 U.S. Dist. LEXIS 101757, at *4). A plaintiff's allegations are "taken as true except to the extent that they are contradicted by defendant's affidavits." *Id.* (internal citations omitted) (quoting *Lahman*, 2018 U.S. Dist. LEXIS 101757, at *4).

However, "a court is not required to credit conclusory allegations even if they are uncontroverted." *Zoch v. Daimler*, CIVIL ACTION NO. 4:17-CV-00578-ALM, 2017 U.S. Dist. LEXIS 169240, at *7 (E.D. Tex. May 16, 2017) (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)). Therefore, a plaintiff may not rest on conclusory allegations but must allege facts which connect a defendant's actions to the forum state. *See*

*Lander v. Larocque*, CIVIL ACTION NO. 4:18-CV-00811-ALM-CAN, 2019 U.S. Dist. LEXIS 212460, at *13 (E.D. Tex. Nov. 6, 2019) (explaining that a plaintiff cannot meet his burden unless he provides facts connecting defendant's actions to the forum) (citing *Lahman*, 2018 U. S. Dist. LEXIS 101757, at *5)).  If the defendant's affidavits directly contradict the plaintiff's jurisdictional allegations, the court "must determine whether the plaintiff[] ha[s] established a prima facie case of personal jurisdiction through *nonconclusory* allegations supported by *admissible* evidence." *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015) (emphasis added).

Moreover, "[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8.  *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level…" *Twombly*, 550 U.S. at 555 (internal citation omitted).  Courts may not assume that "the [plaintiff]

can prove facts that [he or she] has not alleged or that the defendants have violated the…law[] in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).

### IV. ARGUMENT

"A district court may exercise personal jurisdiction over a nonresident defendant if: '(1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution.'" *Hudnall v. State Bar of Ga.*, EP-15-CV-364-KC, 2016 U.S. Dist. LEXIS 79663, at *6 (W.D. Tex. June 18, 2016) (quoting *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010)). Here, "Texas's long-arm statute extends to the limits of due process, [thus] the [c]ourt's inquiry is limited to whether exercising personal jurisdiction over the defendant offends due process." *Id.* (citing *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012); *Clemens*, 615 F.3d at 378; *Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008)). Under this standard, the relevant inquiry is whether "(1) that defendant has purposefully availed [it]self of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Clemens*, 615 F.3d at 378 (citing *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002)).

"'Minimum contacts' can give rise to either specific jurisdiction or general jurisdiction." *Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citing *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)). General jurisdiction may be exercised over a defendant

only "when [its] affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  Specific jurisdiction, on the other hand, is appropriate "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Head v. Las Vegas Sands, LLC*, 760 F. App'x 281, 284 (5th Cir. 2019) (quoting *Sangha*, 882 F.3d at 101).

### A.  This Court Lacks General Jurisdiction Over SunPath and Northcoast.

SunPath and Northcoast are not "at home" in Texas to permit this Court to exercise general jurisdiction over them.  In order for the Court to exercise general jurisdiction over a defendant, the defendant's "affiliations with the State [must be] so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Sangha*, 882 F.3d at 101 (quoting *Goodyear*, 564 U.S. at 919).  "[F]or a corporation, 'the place of incorporation and principal place of business' are where it is 'at home' and are thus paradigm bases for jurisdiction." *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).  "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Id.* (citing *Daimler AG*, 571 U.S. at 137; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411-12, 418 (1984)).

As stated above, both SunPath and Northcoast are incorporated in Delaware.  Garcia Decl. ¶ 2; Moses Decl. ¶ 2.  SunPath has its principal place of business in Braintree, Massachusetts.  Garcia Decl. ¶ 2.  Northcoast has its principal place of business in Ohio.  Moses Decl. ¶ 2.  Neither of these parties have any contact with Texas that would be considered continuous and systematic.  Garcia Decl. ¶¶ 3-6; Moses Decl. ¶¶ 4-7, 9.  This Court therefore cannot exercise general jurisdiction over SunPath or Northcoast.

### B. This Court Lacks Specific Jurisdiction Over SunPath and Northcoast.

SunPath and Northcoast do not have ties to this matter that warrant an assertion of specific jurisdiction. Specific jurisdiction over a non-resident defendant exists where: (1) the "defendant has minimum contacts with the forum state, i.e., . . . it [has] purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) . . . the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) . . . the exercise of personal jurisdiction is fair and reasonable." *Alexander v. Greenwood Hall, Inc.*, CIVIL ACTION NO. 4:18-CV-04540, 2019 U.S. Dist. LEXIS 113956, at *32 (S.D. Tex. July 8, 2019) (citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). "[T]he plaintiff bears the burden of satisfying the first two prongs; *if the plaintiff is successful*, the burden shifts to the defendant to show that exercising jurisdiction would be unfair or unreasonable." *Zoch v. Daimler*, 2017 U.S. Dist. LEXIS 169240 at *10 (emphasis added) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

The first two prongs of the test for specific jurisdiction simply cannot be met here, as SunPath and Northcoast have no connection to the alleged calls to Plaintiff to warrant finding a connection to this forum with regards to the allegations giving rise to this case. Plaintiff alleges, but provides no facts to plausibly support, that the defendants are collectively, or through some unspecified agency relationship, responsible for fifteen calls he purportedly received. Compl. ¶ 31. His allegations are insufficient and rebutted by sworn declaration testimony.

Indeed, as previously noted, SunPath is a third party administrator of extended vehicle service contracts. *See* Garcia Decl. ¶ 7. SunPath has competitors who are also in the business of administration of extended vehicle service contracts. SunPath does not engage in outbound telemarketing itself, and did not initiate the calls to Plaintiff. *Id.* ¶ 5. Further, SunPath did not

direct, oversee, or manage any third party in initiating the calls to Plaintiff. *Id.* ¶ 6. Moreover, even if a representative on the phone or via email did reference SunPath (or Northcoast) in particular, which Plaintiff *admits* did not occur[2], that fact alone does not give rise to some sort of apparent authority sufficient to impute some third party's purported contacts with the forum to SunPath (or Northcoast).

Just as with SunPath, Northcoast issues automobile service contracts that are administered and sold by third parties. *See* Moses Decl. ¶ 5. And, like SunPath, Northcoast does not engage in outbound telemarketing itself and did not initiate the calls to Plaintiff. *Id.* ¶ 6. Further, Northcoast did not direct, oversee, or manage any third party in initiating the calls to Plaintiff. *Id.* ¶ 7. Additionally, Northcoast is an *entirely* independent entity from, and has no corporate affiliations, with SunPath or the other defendants in this case. *Id.* ¶ 10. Therefore, this Court has no specific jurisdiction over SunPath or Northcoast, and, as such, this Complaint should be dismissed as to them with prejudice.

### C. Asserting personal jurisdiction over SunPath and Northcoast does not comport with the principles of fair play and substantial justice.

Only when the Court finds minimum contacts with the forum exist does it need to determine whether the exercise of personal jurisdiction over SunPath and Northcoast would comply with the traditional notions of fair play and substantial justice. *Zoch v. Daimler*, 2017 U.S. Dist. LEXIS 169240 at *10; *see also Matheson Tri-Gas, Inc. v. FlexTM, Inc.*, No. 4:18-CV-0248, 2018 U.S. Dist. LEXIS 87195, at *8 (S.D. Tex. May 24, 2018) ("In addition to minimum contacts, due process requires the exercise of personal jurisdiction to comply with traditional notions of fair play and substantial justice." (quoting *Dejoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373,

---

[2] *See* Compl. ¶ 33 ("The agent failed to properly identify themselves as being affiliated with any of the defendants in this case.")

388 (5th Cir. 2015))). In order to comply with the notions of fair play and substantial justice, "[t]he relationship between the defendant and the forum state must be such that it is reasonable to require the [company] to defend the particular suit." *Hargrove v. Underwriters at Lloyd's*, 937 F. Supp. 595, 606 (S.D. Tex. 1996) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

As explained at length above, SunPath and Northcoast have no relationship with Texas in relation to this matter that would make it reasonable for them to defend a lawsuit in this forum. In fact, it is inherently unreasonable to require SunPath or Northcoast to travel to Texas to defend themselves when there is no evidence supporting their involvement with the phone calls at issue in this case. The notions of fair play and substantial justice do not support a finding of personal jurisdiction over SunPath or Northcoast.

### D.  Direct Liability Is Not Plausibly Alleged as to SunPath or Northcoast.

The potential for direct liability under the TCPA can apply only under certain circumstances, and only to entities that "initiate" the telemarketing calls, *See In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6582 ¶ 24 (2013), neither of which is alleged here as to SunPath or Northcoast. A person or entity "initiates" a telephone call when "it takes the steps necessary to physically place a telephone call." *Dish Network*, 28 FCC Rcd. at 6583 ¶ 26. Accordingly, a person or entity generally does not "initiate" calls placed by third-party telemarketers. *Id.* at 6593 ¶ 48.

To sidestep this pleading requirement, Plaintiff's allegations impermissibly lump all of the defendants together. For example, Plaintiff alleges that "the *defendants* knowingly violated the TCPA by initiating automated calls to the Plaintiff," Compl. ¶ 41 (emphasis added), and that "[t]he Defendants did not train its [*sic*] agents engaged in telemarketing on the existence and use of any

- 9 -

do-not-call list." Compl. ¶ 42. Plaintiff appears to allege, however implausibly, that *all six* named defendants, and five more Doe defendants, sat huddled by a telephone initiating telephone calls to him. Plaintiff's claim of direct liability is facially *implausible*. Setting aside that SunPath and Northcoast do not make outgoing marketing calls to consumers, *see* Garcia Decl. ¶ 5; Moses Decl. ¶ 6, these conclusory, "lump" pleadings are insufficiently pleaded as to SunPath or Northcoast and should be disregarded accordingly. *See Reese v. Marketron Broad. Sols., LLC*, CIVIL ACTION NO. 17-9772 SECTION "R" (1), 2018 U.S. Dist. LEXIS 803, at *4 (E.D. La. Jan. 3, 2018) (dismissing plaintiff's claim because "it rests on conclusory allegations of collective wrongdoing . . . . direct[ing] its allegations towards 'defendants' as a group without explaining any particular defendant's involvement."). "Because the notice pleading requirement of the Federal Rules of Civil Procedure entitles '[e]ach defendant . . . to know what he or she did that is asserted to be wrongful,' allegations based on 'a theory of collective responsibility' cannot withstand a motion to dismiss." *Id.* (citing *Bank of Am., N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013)) (alterations in original).

Simply put, Plaintiff's Complaint engages in impermissible "lump" pleading as to the separate defendants. As this Court previously held in another similar action filed by Plaintiff, "[b]ecause Plaintiff does not allege that [SunPath or Northcoast] actually initiated a phone call in violation of the TCPA . . . he has not shown that [SunPath or Northcoast] is directly liable for any of the offending phone calls." *Cunningham v. Lifestyles Dev., LLC*, CIVIL ACTION NO. 4:19-CV-00006-ALM-CAN, 2019 U.S. Dist. LEXIS 154112, at *8 (E.D. Tex. Aug. 8, 2019); *Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 U.S. Dist. LEXIS 102449, at *15 (E.D. Tex. Apr. 30, 2019) (same) (Nowak, J.), *report and recommendation adopted*, No. 4:18-CV-362, 2019 U.S. Dist. LEXIS 102050 (E.D. Tex. June 19, 2019).

As such, Plaintiff's allegations do not support a plausible claim of direct liability, must be dismissed, and cannot serve as the basis for SunPath's or Northcoast's minimum contacts with Texas.

**E.  Vicarious Liability Is Not Plausibly Alleged as to SunPath or Northcoast.**

In a similar vein , Plaintiff's allegations fail to plausibly plead that SunPath or Northcoast are vicarious liability case for the calls at issue, and, as such, the Complaint should be dismissed with prejudice.

The Federal Communications Commission (FCC)'s declaratory ruling in *In re Dish Network* acknowledges the possibility of vicarious liability for TCPA violations under agency principles, including formal agency, apparent authority, and ratification. *See In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6584 ¶ 28 (2013) ("[W]e find that the seller may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles."). But broad, generalized allegations that lump defendants together are not sufficient to give rise to an inference of an agency relationship. *See Lifestyles Dev., LLC*, 2019 U.S. Dist. LEXIS 154112 at *12 ("Plaintiff must allege factual allegations regarding [defendant's] relationship with the purported agents/callers—broad, general allegations are not sufficient.") (citing *Naiman v. Freedom Forever, LLC*, Case No.19-cv-00256-JSC, 2019 U.S. Dist. LEXIS 69728, at *4 (N.D. Cal. Apr. 24, 2019)). A complaint that is "devoid of any facts showing that [a defendant] had control over any other defendant, agent, or caller" must be dismissed. *Id.* (dismissing Plaintiff's vicarious liability claim because Plaintiff "fail[ed] to connect [defendant] with any purported callers; instead, Plaintiff lump[ed] [all] defendants together, and generally assert[ed] that the calls were made on behalf of

[the named defendants] without any further indication of how [the defendant] asserted control over any specific co-defendant, agent, or caller.").

To the extent Plaintiff's conclusory allegations were an attempt to base his theory on vicarious liability, those allegations still fail to state a claim. Just as Plaintiff did in his *Lifestyles Development* complaint, Plaintiff has also failed to adequately allege vicariously liability in this case. Here, not only does Plaintiff make broad, generalized assertions that the alleged calls were made on behalf of "all the defendants,"[3] but he even *admits* that the agent he spoke with did not affiliate himself "with *any of the defendants in this case*." Compl. ¶ 33. Setting aside this consequential admission, the conclusory allegations, standing alone, do not address or allege whether any, or which of, the defendants were the alleged principal, and which, if any of them, exercised any control or direction over the alleged, unnamed third party caller. More importantly, the Complaint (1) fails to allege any substantial control or direction SunPath or Northcoast had over the calls at issue made by the unnamed agent, (2) fails to allege whether SunPath or Northcoast ratified the putative agent's conduct, (3) fails to allege whether SunPath or Northcoast made any representations that the unnamed agent acted with authority, and (4) fails to inform SunPath or Northcoast what purported action and/or relationship, if any, they are alleged to have taken or had in violation of the TCPA.

Even under a liberal reading, Plaintiff's Complaint cannot survive the Court's most basic scrutiny pursuant to the standards enunciated in *Twombly, Iqbal*, and decisions dismissing prior

---

[3] *See* Compl. ¶ 12 ("This Court has specific personal jurisdiction over the defendants because the calls at issue were sent by or *on behalf of all the Defendants* in this complaint"); ¶ 14 ("This Court has venue over the defendants because the calls at issue were sent by or *on behalf of the above named defendants* to the Plaintiff[,] a Texas resident."); ¶ 35 ("The Plaintiff never consented to recieving [sic] automated calls or calls with pre-recorded messages from *any of the defendants or their agents*") (emphasis added) .

complaints filed by Plaintiff.[4] As such, his vicarious liability claims should be dismissed as they were insufficiently pleaded and cannot serve as a basis upon which to connect SunPath and Northcoast to Texas for purposes of showing minimum contacts with the forum.[5]

## V. CONCLUSION

For the reasons set forth above, Defendants SunPath and Northcoast respectfully move this Court to enter an Order dismissing Plaintiff Craig Cunningham's Complaint for lack of personal jurisdiction, failure to state a claim, and for such further relief as this Court may allow.

---

[4] *See Cunningham v. Lifestyles Dev., LLC*, CIVIL ACTION NO. 4:19-CV-00006-ALM-CAN, 2019 U.S. Dist. LEXIS 154112, at *9-15 (E.D. Tex. Aug. 8, 2019) (granting motion to dismiss after finding plaintiff had not sufficiently pleaded agency theories); *Cunningham v. Kondaur Capital, No*. 3:14-1574, 2014 U.S. Dist. LEXIS 183095, at *9-13 (M.D. Tenn. Nov. 19, 2014) (same). Because Plaintiff has had nearly identical Complaints dismissed under Rules 12(b)(2) and 12(b)(6) granting Plaintiff leave to amend his pleadings would be futile. *See Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (finding that plaintiff had ample opportunity to cure noted defects through prior amendments); *United States ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004) (noting that "pleadings review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right").

[5] Additionally, allowing Plaintiff to cure any of his fatal deficiencies via an amendment to allege that SunPath or Northcoast are liable for the actions of some unnamed party would be futile and nevertheless still fail to establish specific personal jurisdiction. Plaintiff would be unable to substantiate any assertion that an agency relationship existed between SunPath or Northcoast and some unnamed called party because, as Mr. Garcia and Mr. Moses testify, neither SunPath nor Northcoast authorized, directed, oversaw, or managed any party in initiating the calls at issue to the Plaintiff. *See generally* Garcia Decl. ¶ 6; Moses Decl. ¶ 7. Therefore, any request to further amend the pleadings should be denied as futile because no theory of direct or vicarious liability against SunPath or Northcoast could prevail. *See Walker v. Beaumont Indep. Sch. Dist.*, 2016 U.S. Dist. LEXIS 41408, at *51 (E.D. Tex. Mar. 11, 2016) (finding when "a claim is frivolous or the 'complaint alleges the plaintiff's best case,' a further factual statement from the plaintiff need not be allowed.") (quoting *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)).

Dated: April 24, 2020

Respectfully Submitted,

SUNPATH, LTD.
and
NORTHCOAST WARRANTY SERVICES, INC.

By: /s/ Jason S. Weiss

Joseph P. Bowser *pro hac vice pending*
Biniam T. Tesfamariam *pro hac vice pending*
ROTH JACKSON
1519 Summit Avenue, Suite 102
Richmond, VA 23230
T: 804-441-8440
F: 804-441-8438
jbowser@rothjackson.com
btesfamariam@rothjackson.com

Jason S. Weiss
Weiss Law Group, P.A.
5531 N. University Drive
Suite 103
Coral Springs, FL 33067
954.573.2800
Fax: 954.573.2798
Email: jason@jswlawyer.com

*Counsel for Defendants SunPath, Ltd. and Northcoast Warranty Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2020, the foregoing Motion to Dismiss Plaintiff's Complaint was filed through the Court's electronic filing system and will be sent electronically to the parties via the Court's electronic filing system, and to Plaintiff at the following address via U.S. Mail:

Craig Cunningham
3000 Custer Road
Ste 270-206
Plano, TX 75075

/s/ *Jason S. Weiss*
Jason S. Weiss