**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **CRAIG CUNNINGHAM,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:20-cv-00141-RWS-KPJ** |
| | ) | |
| **ASSURED AUTO  GROUP, INC.,** | ) | |
| **NATIONAL AUTO PROTECTION CORP.,** | ) | |
| **WILLIAM FINNERAN, GUSTAV RENNY,** | ) | |
| **SUNPATH LTD.,** | ) | |
| **NORTHCOAST WARRANTY** | ) | |
| **SERVICES, INC.,** | ) | |
| **JOHN/JANE DOES 1-5** | ) | |
| **Defendants.** | | |

**DEFENDANTS, GUSTAV RENNY AND WILLIAM FINNERAN'S,
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

# **TABLE OF CONTENTS**

I.      INTRODUCTION ..................................................................................................1

II.     ARGUMENT .......................................................................................................4

   A.    **Legal Standard.** ...............................................................................................4

      1.   Rule 12(b)(2)....................................................................................................4
      2.   Rule 12(b)(6)....................................................................................................5

   B.    **Plaintiff's Complaint Is Required To Be Dismissed As A Shotgun Pleading.**.......... 6

   C.    **Dismissal Of The Complaint Is Required Because The Court Lacks Personal
         Jurisdiction Over Renny And Finnernan.** ......................................................... 9

      1.   **This Court Lacks General Jurisdiction Over Renny and Finnernan**............................10
      2.   **The Court Similarly Lacks Specific Jurisdiction Over Renny And Finnernan**.................11
      3.   **Asserting Personal Jurisdiction Over Renny And Finnernan Would Offend The Notions of
           Fair Play and Substantial Justice**....................................................................13
      4.   **Renny And Finnernan Should Be Dismissed Because the TCPA Does Not Provide for
           Personal Liability**........................................................................................14
      5.   **Plaintiff Fails To State A Claim For Violation Of C.F.R. § 64.1200(d)**...........................17
      6.   **Plaintiff's Claim For Violation Of The Texas Business and Commerce Code § 305.053 Fails
           As A Matter Of Law**......................................................................................19

III.    CONCLUSION...................................................................................................19

## TABLE OF AUTHORITIES

### Cases

*Affordable Healthcare, LLC v. Protus IP Sols., Inc.*, Case No. 4:08CV502 RWS, 2009 U.S. Dist. LEXIS 23723, at *8-9 (E.D. Mo. Mar. 20, 2009) ............................................................. 13

*Alexander v. Greenwood Hall, Inc.*, NO. 4:18-CV-04540, 2019 U.S. Dist. LEXIS 113956, at *32 (S.D. Tex. July 8, 2019) ................................................................................................................ 11

*Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cnty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996). ........... 7

*Arrow Elecs., Inc. v. Fireracker, LLC*, No. 4:17-CV-00895, 2018 U.S. Dist. LEXIS 61795, at *2 (E.D. Tex. Apr. 12, 2018)). ....................................................................................................... 10

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). ............................................................................... 5,6

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ........................................................................................................................................... 6

*Bank of Am., N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013)) ................................................. 18

*Bates v. I.C. Sys., Inc.*, No. 09-CV-103A, 2009 WL 3459740, at *1 (W.D.N.Y. Oct. 19, 2009)). ..................................................................................................................................................... 20

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). ....................................................... 5,6

*Boim v. Holy Land Found. for Relief and Dev.*, 549 F.3d 685, 689 (7th Cir. 2008) (*en banc*) (Posner, J.)). ................................................................................................................................ 15

*Brown v. Slenker,* 220 F. 3d 411, 419 (5th Cir. 2000)) ................................................................... 4

*Bullion v. Gillespie,* 895 F. 2d 213, 216-17 (5th Cir. 1990). ......................................................... 5

Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985). .................................................................. 12

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 176-77 (1994))) ........................................................................................................................................ 15

*City Select Auto Sales Inc. v. David Randall Assocs.*, 885 F.3d 154, 159 (3d Cir. 2018) ........... 15

*Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010)). ........................................................... 9

*Colt Studio, Inc. v. Badpuppy Enter.*, 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999)). .................. 18

*Cunningham v. Air Voice, Inc.*, CIVIL ACTION NO. 4:19-CV-00096-ALM-CAN, 2020 U.S. Dist. LEXIS 51585, at *15 (E.D. Tex. Feb. 14, 2020); .......................................................... 20

*Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471, 476 (E.D. Tex. 2019) ............ 4,10

*Cunningham v. Local Lighthouse Corp.,* 2017 WL 4053759, at *4 (M.D. Tenn. 2017);. ............. 5

*Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 U.S. Dist. LEXIS 102449, at *15
(E.D. Tex. Apr. 30, 2019) (same) (Nowak, J.), *report and recommendation adopted*, No. 4:18-
CV-362, 2019 U.S. Dist. LEXIS 102050 (E.D. Tex. June 19, 2019). ....................................... 18

*Cunningham v. Prof'l Educ. Inst., Inc.*, NO. 4:17-cv-00894-ALM-CAN, 2018 U.S. Dist. LEXIS
215107, at *11 (E.D. Tex. Nov. 5, 2018)............................................................................ 16,17

*Cunningham v. Rapid Capital Funding, LLC*, No. 3:16-02629, 2017 WL 3574451, at *3 (M.D.
Tenn. July 27, 2017); .................................................................................................................. 18

*Cunningham v. Spectrum Tax Relief, LLC*, No. 3:16-2283, 2017 WL 3222559, at *7 (M.D. Tenn.
July 7, 2017).................................................................................................................................. 18

*Cunningham v. Sunshine Consulting Group, LLC*, No. 3:16-2921, 2018 WL 3496538, at *6
(M.D. Tenn. July 20, 2018); ........................................................................................................ 20

*Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014)). ................................................................ 10

*Dejoria v. Maghreb Petroleum Expl., S.A.*, 804 F. 3d 373, 388 (5th Cir. 2015))......................... 14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S.  915, 919 (2011). ............... 9,10,11

*Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 960-61 (D. Minn. 2006) ................... 15

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). .......................................................................... 11

*Hargrove v. Underwriters at Lloyd's*, 937 F. Supp. 595, 606 (S.D. Tex. 1996)........................... 14

*Head v. Las Vegas Sands, LLC*, 760 F. App'x 281, 284 (5th Cir. 2019)...................................... 10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). ...................... 9

*Hinojosa v. Livingston,* 807 F. 3d 657, 684 (5th Cir. 2015) .......................................................... 7

*Hudnall v. State Bar of Ga.*, EP-15-CV-364-KC, 2016 U.S. Dist. LEXIS 79663, at *6 (W.D.
Tex. June 18, 2016)........................................................................................................................ 9

*Int'l Truck & Engine Corp. v. Quintana,* 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003)................. 4

*Johnson v. Verhaeghe,* 2014 WL 12586754, at *4 (W.D. Tex. 2014). ........................................... 6

*Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 U.S. Dist. LEXIS 101757, at
*4 (E.D. Tex. June 19, 2018). ........................................................................................................ 4

*Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013)). ................... 15

*Lander v. Larocque*, No. 4:18-CV-00811-ALM-CAN, 2019 U.S. Dist. LEXIS 212460, at *13
(E.D. Tex. Nov. 6, 2019) .............................................................................................................. 5

*Lewis v. Fresne*, 252 F. 3d 352, 358 (5th Cir. 2001)). ................................................................... 9

*Lowe v. Dallas Police Dep't,* No. 3:17-cv-704-G-BN, 2017 WL 4863076, at *9 (N.D. Tex. 2017). ................................................................................................................. 6,7

*Matheson Tri-Gas, Inc. v. FlexTM, Inc.,* No. 4:18-CV-0248, 2018 U.S. Dist. LEXIS 87195, at *8 (S.D. Tex. May 24, 2018) ............................................................................ 14

*McFadin v. Gerber,* 587 F.3d 753, 759 (5th Cir. 2009)). ............................................. 11

*Moncrief Oil Int'l v. OAO Gazprom,* 481 F. .3d 309, 311 (5th Cir. 2007). ................... 12

*Monkton Ins. Services, Ltd. v. Rittner,* 768 F.3d 429, 432 (5th Cir. 2014)............................ 10,12

*Moore v. Carrington Mortgage Services, LLC,* 2018 WL 38853711, at *3 (N.D. Tex. 2018) ...... 6

*Pervasive Software, Inc. v. Lexware GmbH & Co. KG,* 688 F. 3d 214, 220 (5th Cir. 2012)......... 9

*Reese v. Marketron Broad. Sols., LLC,* CIVIL ACTION NO. 17-9772 SECTION "R" (1), 2018 U.S. Dist. LEXIS 803, at *4 (E.D. La. Jan. 3, 2018) ............................................ 10

*Revell v. Lidov,* 317 F. 3d 467, 470 (5th Cir. 2002)). ................................................... 9

*S. Leasing Partners, Ltd. v. McMullan,* 801 F. 2d 783, 788 (5th Cir. 1986) ................................. 7

*Sangha v. Navig8 Shipmanagement Private Ltd.,* 882 F.3d 96, 101 (5th Cir. 2018) ............... 9,10

*Seiferth v. Helicopteros Atuneros, Inc.,* 472 F. 3d 266, 271 (5th Cir. 2006))............................. 12

*Texas v. Am. Blastfax, Inc.,* 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001))................................. 16

*Walden v. Fiore,* 571 U.S. 277, 283 n.6 (2014))....................................................... 11,12

*Walk Haydel & Associates, Inc. v. Coastal Power Production Co.,* 517 F. 3d 235, 241-42 (5th Cir. 2008) ........................................................................................................ 5

*Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1323 & n.14 (11th Cir. 2015))....... 8

*World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292 (1980))................................... 14

*Zoch v. Daimler,* 2017 U.S. Dist. LEXIS 169240 at *10 (emphasis added) ............................... 12

Defendants, GUSTAV RENNY ("Renny") and WILLIAM FINNERAN ("Finneran"), by and through undersigned counsel, hereby file this Motion to Dismiss Plaintiff, Craig Cunningham's ("Plaintiff"), Complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, stating as follows:

### INTRODUCTION

Relying on tactics more commonly seen on the reality fishing show "Wicked Tuna"[1] Plaintiff, Craig Cunningham, has made a business out of filing countless lawsuits for claimed violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The instant matter is just another day at the office for Plaintiff, who has become a well-seasoned TCPA litigant, filing countless (and repeated) TCPA lawsuits over the past several years against any caller (in addition to its agents and affiliates) brazen enough to call one of his very numerous numbers, intentionally or otherwise.

Like his fisherman counterparts,  Plaintiff's business model similarly relies on leaving "bait" on the end of his fishing pole in hope of catching a bite—i.e., a wrongly placed phone call on one of his dozen of different cell phone numbers, a vast collection Plaintiff has spent the better part of the past few years accumulating in furtherance of his "business." Based on the high volume of repeated (and often duplicative) cookie cutter actions filed by Plaintiff for alleged TCPA

---

[1] "Wicked Tuna" is a reality television competition show that airs on the National Geographic Channel that follows the life of a group of commercial fishermen and the tactics used by them in an effort to best their competition and ultimately catch the biggest and most valuable Blue Fin Tuna during the respective fishing season.

violations during this same period, it would appear that Plaintiff's "business" has been booming. However, while Plaintiff seemingly has a high level of success in obtaining settlements from his many TCPA lawsuits, such results are not indicative as to the merits of Plaintiff's numerous TCPA related claims. Rather, to the contrary, from just a cursory review of Plaintiff's Complaint here, a form pleading routinely used by Plaintiff in all of his other TCPA related litigation, it is evident that Plaintiff's purported success stems not from his presentation of sufficient facts to support his claims, but as a result of Plaintiff's years' worth of TCPA litigation experience and understanding regarding the burden placed on an out of state party forced to defend itself against Plaintiff's claims. Seemingly, Plaintiff's calculated risk regarding the willingness of an out of state party to quickly settle a TCPA lawsuit filed by Plaintiff in an effort to avoid engaging in protracted and costly litigation in an out of state forum, irrespective of the merits underlying Plaintiff's claims, has paid off, netting Plaintiff tens of thousands of dollars in settlements and enabling Plaintiff to continue running his "business" enterprise.

In the instant matter, similar to the same claims, namely the making of a non-emergency telemarketing robocalls to Plaintiff's cell phone, underlying Plaintiff's other TCPA lawsuits, Plaintiff claims to have received at least 15 calls between two (2) of his cell phone numbers, which calls Plaintiff alleges were made from unknown numbers and by unknown people using an automated telephone dialing system. Based on these allegedly unlawful phone calls made to Plaintiff's cell phones, Plaintiff filed the instant action against Renny and Finneran, individually, Assured Auto Group, Inc. ("Assured Auto"), National Auto Protection Corp. ("National Auto"), companies for which Renny and Finneran previously served as officers, and that allegedly issued car warranty policies purchased by Plaintiff, Sunpath LTD ("Sunpath"), Northcoast Warranty Services, Inc. ("Northcoast"), and John/Jane Does 1-5 (collectively, the "Defendants"), for their

2

collective violation of the TCPA and 47 C.F.R. § 64.1200(d), a Federal Communications Commission ("FCC") regulation, by initiating automated calls to Plaintiff and making telemarketing solicitations without mandated safeguards, which Complaint seeks, in part, to hold Renny and Finneran personally liable under the TCPA for the conduct of unknown third-parties. While Plaintiff may have found success with this litigation strategy in the past, such will not be the case in the instant action, rather Plaintiff will be required to provide factual support for his claims against Renny and Finneran which, as further discussed below, Plaintiff simply cannot do.

Additionally, Plaintiff's Complaint is wholly deficient and is required to be dismissed by this Court as a matter of law. Indeed, not only does Plaintiff impermissibly lump all of the Defendants together in the Complaint, Plaintiff likewise fails to specify which of the Defendants, including Renny and Finneran, are responsible for the complained of violations of the TCPA described by the Complaint.  The Complaint consists of nothing more than paragraphs full of irrelevant factual allegations and legal conclusions concerning Plaintiff's subjective interpretation of the TCPA which, notably, fail to include any specific allegation directed to either Renny or Finneran, both of whom are non-residents domiciled in Florida and have not purposely availed themselves of the benefits and protections of the State of Texas, as would be necessary for this Court to exercise personal jurisdiction, either general or specific, over them in the instant matter. Since Plaintiff has failed to make the required *prima facie* showing that Renny or Finneran should be subject to this Court's personal jurisdiction, and no other basis exists for this Court to assert personal jurisdiction over either Renny or Finneran, the Complaint must be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Moreover, Plaintiff fails to allege sufficient facts to support his claims under the TCPA against Renny or Finneran (or any Defendant for that matter) or to hold Renny or Finneran

individually liable under the TCPA, which does not expressly provide for disregarding the corporate form to hold officers and employees personally liable.  As Plaintiff has failed to allege which of the named Defendants initiated the calls at issue or otherwise present any sufficient fact to demonstrate Renny and/or Finneran's direct involvement in any of the allegedly unlawful phone calls made to Plaintiff's cell phones, the Complaint fails to state a claim against Renny and Finneran for which relief may be granted and, as such, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Furthermore, for these very same reasons, Plaintiff's claims under the Texas Business and Commerce Code § 305.053 and 47 C.F.R. § 64.1200(d) similarly fail as a matter of law and must also be dismissed by this Court.

## ARGUMENT

### A.  Legal Standard

#### 1.  Rule 12(b)(2)

A case must be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction when the plaintiff fails to plead sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state.  *See Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471, 476 (E.D. Tex. 2019) ("after a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists") (internal citations omitted).  To satisfy this burden, a plaintiff must "'present sufficient facts to make out only a *prima facie* case supporting jurisdiction,' if [the] court rules on [the] motion without an evidentiary hearing."  *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 U.S. Dist. LEXIS 101757, at *4 (E.D. Tex. June 19, 2018).  When considering a motion to dismiss, allegations in a plaintiff's complaint are taken as true except to the extent they are contradicted by the defendant's affidavits.  *Id.* (citing *Int'l Truck & Engine Corp. v. Quintana*,

259 F. Supp. 2d 553, 557 (N.D. Tex. 2003).  Although the Court views the allegations presented in the light most favorable to plaintiff, the plaintiff still bears the burden of establishing the Court's personal jurisdiction and must do so by a preponderance of the evidence.  *See Walk Haydel & Associates, Inc. v. Coastal Power Production Co.,* 517 F. 3d 235, 241-42 (5th Cir. 2008) (citing *Brown v. Slenker,* 220 F. 3d 411, 419 (5th Cir. 2000)).

Moreover, in seeking to establish personal jurisdiction over an individual defendant, such as here, a plaintiff may not rest on conclusory allegations alone, but must allege facts which connect a defendant's actions to the forum state.  *See Lander v. Larocque*, No. 4:18-CV-00811-ALM-CAN, 2019 U.S. Dist. LEXIS 212460, at *13 (E.D. Tex. Nov. 6, 2019) (holding that a plaintiff cannot meet his burden unless he provides facts connecting defendant's actions to the forum).  If the defendant's affidavits directly contradict the plaintiff's jurisdictional allegations, the court must determine whether the plaintiff has established that a *prima facie* case of personal jurisdiction exists over the individual defendants.  *See Cunningham v. Local Lighthouse Corp.,* 2017 WL 4053759, at *4 (M.D. Tenn. 2017); *see also Bullion v. Gillespie,* 895 F. 2d 213, 216-17 (5th Cir. 1990).

## 2.  Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is appropriate when a plaintiff fails to state a cognizable legal theory or allege enough plausible facts to support the claim stated.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  If the "complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (citations omitted).  While detailed factual allegations are not necessary, "a plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  When the allegations in a complaint are not found to plausibly raise a claim of entitlement to relief the complaint should be dismissed for failing to state a claim. *Id*. at 558.  A court may not assume that a plaintiff can prove facts that he has not alleged or that defendants have violated laws in ways that the plaintiff had not alleged. *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Johnson v. Verhaeghe,* 2014 WL 12586754, at *4 (W.D. Tex. 2014).  Where a complaint pleads facts that are "merely consistent with a defendant's liability," the complaint stops short of the line between possibility and plausibility of entitlement to relief. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).

### B.  Plaintiff's Complaint Is Required To Be Dismissed As A  Shotgun Pleading

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 677-78. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

Likewise, courts have uniformly condemned the use of "shotgun pleadings," such as Plaintiff's Complaint here, for failing to meet the "short and plain statement" requirement contemplated by Rule 8. *See Moore v. Carrington Mortgage Services, LLC,* 2018 WL 38853711, at *3 (N.D. Tex. 2018) (citing *Iqbal*, 556 U.S. at 679).  When a complaint lacks sufficient facts to support an inference that a defendant is response for a particular harm to the plaintiff, such pleading constitutes an improper "shotgun pleading." *See Lowe v. Dallas Police Dep't,* No. 3:17-cv-704-

6

G-BN, 2017 WL 4863076, at *9 (N.D. Tex. 2017).  While the term "shotgun pleading' is not specifically defined, court have routinely found that where a complaint contains several counts, each of which incorporates by reference the allegations of its predecessor counts, and leads to a situation where most of the counts contain irrelevant factual allegations and legal conclusions, such a pleading is an improper "shotgun pleading' and is subject to dismissal under Rule 12(b)(6) for failing to state a claim that is plausible on its face.  *Id.*; *see also S. Leasing Partners, Ltd. v. McMullan,* 801 F. 2d 783, 788 (5th Cir. 1986) (finding that when "the pleader heedlessly throws a little bit of everything into his complaint and hopes that something will stick," such complaint is subject to dismissal pursuant to Rule 12(b)(6)).  Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cnty. Coll.,* 77 F.3d 364, 366 (11th Cir.1996).  It is not sufficient for a plaintiff to merely attach labels and legal conclusions to no facts unique to a specific claim of the complaint; rather, a plaintiff must allege sufficient facts to support that he is entitled to relief. *See Twombly*, 550 U.S. at 556.

Here, Plaintiff's Complaint provides a textbook example of the type of pleading courts have uniformly rebuked and dismissed as a "shotgun pleading."  Indeed, not only does Plaintiff impermissibly lump all of the Defendants together in the Complaint, and conclusory allege collective wrongdoing by the Defendants as a group, Plaintiff also improperly incorporates by reference each and every allegation pled into each count of the Complaint, thereby converting the Complaint into a prohibited pleading that is required to be summarily dismissed.  *See Hinojosa v. Livingston,* 807 F. 3d 657, 684 (5th Cir. 2015) ("When the plaintiff's complaint uses blanket terms covering all the defendants, by lumping them together or calling them collectively [Defendants], these allegations are properly disregarded unless the reference to [particular defendants] can be

clearly inferred") (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 & n.14 (11th Cir. 2015)) (describing a shotgun pleading as a "sin" consisting of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions).

Moreover, Plaintiff's Complaint is also subject to dismissal as a "shotgun pleading" because the Complaint lacks sufficient facts to support an inference that any Defendant (let alone Renny or Finneran) is responsible for any of the particular harms purportedly suffered by Plaintiff. District Courts have universally held that dismissal of a conclusory "lump" pleading, similar to Plaintiff's Complaint here, is appropriate because such pleadings are insufficiently pled and should be disregarded accordingly. *See Reese v. Marketron Broad. Sols., LLC*, CIVIL ACTION NO. 17-9772 SECTION "R" (1), 2018 U.S. Dist. LEXIS 803, at *4 (E.D. La. Jan. 3, 2018) (dismissing plaintiff's claim because "it rests on conclusory allegations of collective wrongdoing . . . . direct[ing] its allegations towards 'defendants' as a group without explaining any particular defendant's involvement"). Moreover, because the notice pleading requirement of the Federal Rules of Civil Procedure entitles "[e]ach defendant . . . to know what he or she did that is asserted to be wrongful,' allegations based on 'a theory of collective responsibility' cannot withstand a motion to dismiss." *Id.* (citing *Bank of Am., N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013)) (alterations in original).

Accordingly, because Plaintiff's Complaint constitutes an improper "shotgun pleading," Plaintiff has failed to meet the pleading requirements set forth by Rule 8 and, as such, the Complaint must be dismissed by this Court as a matter of law.

### C. Dismissal Of The Complaint Is Required Because The Court Lacks Personal Jurisdiction Over Renny And Finneran

A court may exercise personal jurisdiction over nonresident defendants like Renny and Finneran only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause. *See Hudnall v. State Bar of Ga.*, EP-15-CV-364-KC, 2016 U.S. Dist. LEXIS 79663, at *6 (W.D. Tex. June 18, 2016) (quoting *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010)). Texas' long-arm statute extends to the limits of due process, thereby limiting the court's inquiry as to whether exercising personal jurisdiction over the defendant offends due process. *Id.* (citing *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F. 3d 214, 220 (5th Cir. 2012). Under this standard, the relevant inquiry is whether the "(1) defendant has purposefully availed [it]self of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Clemens*, 615 F.3d at 378 (citing *Revell v. Lidov*, 317 F. 3d 467, 470 (5th Cir. 2002)).

Jurisdiction over a defendant can be established through "general or specific jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). "'Minimum contacts' can give rise to either specific jurisdiction or general jurisdiction." *Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citing *Lewis v. Fresne*, 252 F. 3d 352, 358 (5th Cir. 2001)). General jurisdiction may be exercised over a defendant only "when [its] affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). In contrast, specific jurisdiction is appropriate "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged

injuries that arise out of or relate to those activities." *Head v. Las Vegas Sands, LLC*, 760 F. App'x 281, 284 (5th Cir. 2019) (quoting *Sangha*, 882 F.3d at 101).

### 1.   This Court Lacks General Jurisdiction Over Renny And Finneran

Neither Renny nor Finneran are "at home" in Texas to permit this Court to exercise general jurisdiction over either of them.   In order for the Court to exercise general jurisdiction over a defendant, the defendant's "affiliations with the State [must be] so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Sangha* 882 F.3d at 101 (quoting *Goodyear*, 564 U.S. at 919).   "For an individual, the paradigm forum for the existence of general jurisdiction is the individual's domicile." *Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471, 478 (E.D. Tex. 2019) (quoting *Arrow Elecs., Inc. v. Fireracker, LLC*, No. 4:17-CV-00895, 2018 U.S. Dist. LEXIS 61795, at *2 (E.D. Tex. Apr. 12, 2018)).   Whereas, the paradigm all-purpose forums where a corporation is amenable to general jurisdiction are its place of incorporation and its principal place of business. *See Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014)).

Here, it is evident from the respective Declarations submitted by Renny and Finneran respectively, that not only did neither purposefully avail themselves of the benefits and protections of Texas, they both likewise had no contacts whatsoever with the State of Texas.   True and correct copies of the declarations signed by Defendants Renny ("Renny Decl.") and Finneran ("Finneran Decl.") are attached hereto as Exhibits "1" and "2," respectively.   First, both Renny and Finneran are both residents of Florida.   Renny Decl. ¶ 2; Finneran Decl. ¶ 2.   Neither has any business, financial or personal connections to Texas, nor have either ever lived in, maintained a mailing address in, or traveled to the State of Texas.   Renny Decl. ¶ 3; Finneran Decl. ¶ 3.   Moreover, neither Renny, Finneran, Assured Auto, nor National Auto made any alleged robocalls to Plaintiff

that serve as alleged the basis for this Complaint.  Renny Decl. ¶¶ 4,6; Finneran Decl. ¶¶ 4,6.

Similarly, neither Renny nor Finneran had any role in making any of the alleged Calls to Plaintiff,

nor did either Renny or Finneran direct anyone to make any of the Calls or have knowledge

regarding the Calls at the time they were allegedly made to Plaintiff.  Renny Decl. ¶ 5; Finneran

Decl. ¶ 5.  Therefore, as individuals domiciled in Florida, with no business or personal contacts

with Texas, there is no basis for general jurisdiction over Renny or Finneran. *See Walden v. Fiore*,

571 U.S. 277, 283 n.6 (2014)) (explaining that general jurisdiction "permits a court to assert

jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (*e.g.*

domicile))."

### 2. The Court Similarly Lacks Specific Jurisdiction Over Renny And Finneran

Absent a showing of general jurisdiction, Plaintiff must establish that specific jurisdiction

exists over Renny and Finneran.  Specific jurisdiction over a non-resident defendant exists where:

(1) the "defendant has minimum contacts with the forum state, i.e., . . . it [has] purposely directed

its activities toward the forum state or purposefully availed itself of the privileges of conducting

activities there; (2) . . . the plaintiff's cause of action arises out of or results from the defendant's

forum-related contacts; and (3) . . . the exercise of personal jurisdiction is fair and reasonable."

*Alexander v. Greenwood Hall, Inc.*, NO. 4:18-CV-04540, 2019 U.S. Dist. LEXIS 113956, at *32

(S.D. Tex. July 8, 2019) (citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)).  The

ultimate question is "whether there was 'some act by which the defendant purposefully avail[ed]

[himself] of the privilege of conducting activities within the forum State, thus invoking the benefits

and protections of its laws.' " *Goodyear*, 564 U.S. at 924 (citing *Hanson v. Denckla*, 357 U.S. 235,

253 (1958)).  If the defendant committed at least one act in the forum state substantially related to

the suit, it is enough to support specific jurisdiction. *See Moncrief Oil Int'l v. OAO Gazprom*, 481 F. .3d 309, 311 (5th Cir. 2007).

The Fifth Circuit has established a three-step analysis for determining if specific jurisdiction exists: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *See Monkton Ins. Services, Ltd. v. Rittner*, 768 F.3d 429, 432 (5th Cir. 2014) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F. 3d 266, 271 (5th Cir. 2006)). Under this analysis, the plaintiff bears the burden of satisfying the first two prongs*; if the plaintiff is successful*, the burden shifts to the defendant to show that exercising jurisdiction would be unfair or unreasonable. *See Zoch v. Daimler*, 2017 U.S. Dist. LEXIS 169240 at *10 (emphasis added) (citing *Seiferth*, 472 F.3d at 271).

The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). As the Supreme Court has recently emphasized, "[f]or a State to exercise jurisdiction consistent with due process, that relationship must arise out of contacts that the 'defendant *himself*' creates with the forum, and must be analyzed with regard to the defendant's contacts with the forum itself, not with persons residing there []. The plaintiff *cannot be the only link* between the defendant and the forum." *Walden,* 571 U.S. at 285-86 (emphasis added) (citing *Burger King*, 471 U.S. at 475).

The first two prongs of the test for specific jurisdiction simply cannot be met here, as Renny nor Finneran has *any* connection to the alleged calls made to Plaintiff's cell phones to warrant

finding a connection to this forum with regards to the allegations giving rise to this case.  Indeed, as stated above, neither Renny nor Finneran.  In support of specific jurisdiction, Plaintiff alleges in the Complaint, without providing any set of facts to plausibly support such a finding with respect to Renny or Finneran that the calls at issue were "sent by or on behalf of all the Defendants in this Complaint."  Compl.  ¶ 12.   Yet, Renny and Finneran both unequivocally testify in their Declarations that neither they, Assured Auto, nor National Auto made any alleged robocalls to Plaintiff, nor did Renny or Finneran direct anyone or have any role in connection with the Calls to Plaintiff.  Renny Decl. ¶¶ 4-6; Finneran Decl. ¶¶ 4-6.  Furthermore, even assuming *arguendo* that personal jurisdiction applies to Assured Auto and/or  National Auto, Renny and Finneran's status as former officers of Assured Auto and National Auto is insufficient to establish minimum contacts sufficient to meet due process requirements.  Indeed,

> [t]he mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are suable locally as well. For jurisdictional purposes, the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals.

*Affordable Healthcare, LLC v. Protus IP Sols., Inc.*, Case No. 4:08CV502 RWS, 2009 U.S. Dist. LEXIS 23723, at *8-9 (E.D. Mo. Mar. 20, 2009) (quoting *Colt Studio, Inc. v. Badpuppy Enter.*, 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999)).

Thus, this Court lacks specific jurisdiction over Renny and Finneran because there were no contacts with Texas by either Renny or Finneran out of which the cause of action arises.  As such, Plaintiff's Complaint must be dismissed.

### 3.  Asserting Personal Jurisdiction Over Renny And Finneran Would Offend The Notions of Fair Play and Substantial Justice

Only when the Court finds minimum contacts with the forum exist does it need to determine whether the exercise of personal jurisdiction over Renny or Finneran would comply

with the traditional notions of fair play and substantial justice.  *See Matheson Tri-Gas, Inc. v. FlexTM, Inc.*, No. 4:18-CV-0248, 2018 U.S. Dist. LEXIS 87195, at *8 (S.D. Tex. May 24, 2018) ("In addition to minimum contacts, due process requires the exercise of personal jurisdiction to comply with traditional notions of fair play and substantial justice." (quoting *Dejoria v. Maghreb Petroleum Expl., S.A.*, 804 F. 3d 373, 388 (5th Cir. 2015)).  In order to comply with the notions of fair play and substantial justice, "[t]he relationship between the defendant and the forum state must be such that it is reasonable to require the [company] to defend the particular suit."  *Hargrove v. Underwriters at Lloyd's*, 937 F. Supp. 595, 606 (S.D. Tex. 1996) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

As established above, neither Renny nor Finneran have a relationship with Texas in relation to this matter that would make it reasonable for them to defend a lawsuit in this forum. Neither Renny, Finneran, Assured Auto nor National Auto made or had any involvement in making the Calls to Plaintiff nor can Assured Auto or National Auto's personal jurisdiction be otherwise imputed onto Renny or Finneran.  Renny Decl. ¶¶ 4-6; Finneran Decl. ¶¶ 4-6.  Renny and Finneran are both residents of Florida with absolutely no ties or contacts to the State of Texas.  Renny Decl. ¶¶ 2-3; Finneran Decl. ¶¶ 2-3.  To be subjected to litigation in a state with which neither Renny nor Finneran has any connection would be unduly burdensome and offensive to the notions of fair play.  As such, dismissal of the Complaint is warranted as to Renny and Finneran.

### 4.   Renny And Finneran Should Be Dismissed Because the TCPA Does Not Provide for Personal Liability

The portion of the TCPA at issue states:

> **(1)** It shall be unlawful for any person . . . **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . .
> **(iii)** to any telephone
> number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier

service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

U.S.C. § 227(b)(1)(A)(iii).   Yet, "'individuals ordinarily are shielded from personal liability when they do business in a corporate form, and . . . it should not lightly be inferred that Congress intended to disregard this shield.'"   *City Select Auto Sales Inc. v. David Randall Assocs.*, 885 F.3d 154, 159 (3d Cir. 2018) (quoting *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013)).   When drafting the TCPA, Congress did not expressly impose personal-participation liability to set aside the limited liability protections of the corporate form. *See id.* at 161 (observing that "Congress has demonstrated in many statutes that it 'knows how to impose' personal-participation liability 'when it chooses to do so' and so the argument that Congressional silence indicates an intent to do so here [in the TCPA] is a weak one at best." (quoting *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 176-77 (1994))); *see also Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 960-61 (D. Minn. 2006) ("The Court finds that the context of the common carrier regulations provided for in 47 U.S.C. §§ 201- does not support Plaintiff's interpretation of a 'person' which would extend liability beyond an individual 'engaged as a common carrier for hire' and impose liability on the employees and/or officers of such common carriers who have only engaged in such conduct through and for a corporation."). Indeed, "'statutory silence'" as to any common-law personal liability "'means there is none.'" *City Select Auto Sales Inc.*, 885 F.3d at 161 (quoting *Boim v. Holy Land Found. for Relief and Dev.*, 549 F.3d 685, 689 (7th Cir. 2008) (*en banc*) (Posner, J.)).

As such, the Court should decline Plaintiff's invitation to simply set aside the corporate form and impose personal liability on Renny and Finneran where the TCPA does expressly allow the Court to set aside the corporate form and impose such liability.

Moreover, "an officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute and was not merely tangentially involved." *Cunningham v. Prof'l Educ. Inst., Inc.*, NO. 4:17-cv-00894-ALM-CAN, 2018 U.S. Dist. LEXIS 215107, at *11 (E.D. Tex. Nov. 5, 2018) (quoting *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001)). "However, merely naming a corporate officer as being liable for the actions of the corporation due to this employment status is insufficient for the officer to be held jointly and severally liable under the TCPA." *Id.* Thus, in order for Renny or Finneran to be held liable individually, Plaintiff must have alleged or otherwise shown, but failed to do so, that Renny or Finneran *actually participated* in the TCPA violation or show that they sufficiently controlled the policies and practices to be the driving force behind the TCPA violations. *See Prof'l Educ.,* 2018 U.S. Dist. LEXIS 215107, at *12.

Here, similar to Plaintiff's allegations in *Prof'l Educ.*, Plaintiff has failed to allege anything outside of the "lump" pleadings that either Renny or Finneran directly participated in making any of the calls at issue. In *Prof'l Educ.,* the court determined that more specific allegations as to individual liability under the TCPA than what Plaintiff alleges here in the Complaint, is insufficient. Specifically, in *Prof'l Educ.,* Plaintiff alleged in his second amended complaint that:

> The Plaintiff alleges direct, vicarious, joint, and sever liability for the listed corporations. Additionally, the officers of the corporations have a direct role in the illegal conduct, authorizing it and ratifying the illegal telephone calls. The officers of each and every listed corporation had direct, personal conduct in authorizing the telephone calls or oversaw and directed the telemarketing efforts for which their corporations benefitted. The officers set company policy and directed the marketing efforts of the respective companies.

*Id.* at *14. The *Prof'l Educ.* court determined Plaintiff's allegations in his second amended complaint to be insufficient for purposes of imposing personal liability against the individual defendants under the TCPA, stating that "Plaintiff does not allege that [individual defendants]

16

made any of the violating calls, how they had authority to direct any such calls, and/or otherwise indicate how they had any personal involvement whatsoever in the violative phone calls made to Plaintiff's cellular phone." *Id.*  Similarly here, Plaintiff fails to allege that (1) Renny or Finneran personally authorized any of the calls at issue, (2) any specific action was taken by Renny or Finneran, (3) what authority Renny or Finneran had to direct such calls, or (4) Renny or Finneran participated in the calls at issue.  Put more simply, in like fashion to the *Prof'l Educ.* court's determination concerning the sufficiency of Plaintiff's allegations there, Plaintiff's conclusory allegations here are likewise not sufficient enough to survive a motion to dismiss brought pursuant to Rule 12(b)(6).  Absent  such allegations, Plaintiff cannot maintain this action against Renny or Finneran in their individual capacities and, as such, the Complaint must be dismissed as to them with prejudice.

## 5.   Plaintiff Fails To State A Claim For Violation Of 47 C.F.R. § 64.1200(d)

Plaintiff also conclusory alleges that he is entitled to a monetary award for Defendants' alleged violations of 47 C.F.R. § 64.1200(d), including failure to maintain a do-not-call list, failure to provide proper training, and failure to identify the name of the individual caller, and the contact information of the entity on whose behalf the call is made.  Compl. ¶¶ 7-9.

This claim similarly fails as a matter of law because Plaintiff fails to specifically allege that either Renny or Finneran initiated any of the subject calls.  As § 64.1200(d) is only applicable to entitled that "*initiate* any call for telemarketing purposes to a residential telephone subscriber," Plaintiff has failed to establish that the requirements of § 64.1200(d) are made applicable to either Renny or Finneran.

Additionally, this Court has found that the private right of action created by § 227(c)(5) for a violation of § 64.1200(d) is "limited to redress for violations of the regulations that concern

residential telephone subscribers." *Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 U.S. Dist. LEXIS 102449, at *15 (E.D. Tex. Apr. 30, 2019) (same) (Nowak, J.), *report and recommendation adopted*, No. 4:18-CV-362, 2019 U.S. Dist. LEXIS 102050 (E.D. Tex. June 19, 2019).  Likewise, district courts have *repeatedly* dismissed Plaintiff's claims under § 227(c)(5), finding that such section "does not encompass cellular telephones." *Id.*[2]

Here, Plaintiff alleges that the calls at issue were placed to 2 of his cellular phone numbers. Compl. ¶ 31.  However, this Court has previously found that Plaintiff's use of his cellular phone "for personal, family, and household" purposes does not turn his cellular phone into a residential telephone. *See, e.g. Politi*, 2019 U.S. Dist. LEXIS 102449, at *4 (collecting cases, finding that "the TCPA differentiates between calls made to cellular and residential lines") (quoting *Bates v. I.C. Sys., Inc.*, No. 09-CV-103A, 2009 WL 3459740, at *1 (W.D.N.Y. Oct. 19, 2009)).  Thus, because Plaintiff does not allege that either Renny or Finneran initiated calls to this residential phone line, this cause of action fails as a matter of law.

Last, Plaintiff's claim for violation of § 64.1200(d) must be dismissed by this Court because Plaintiff fails to allege an actual violation thereunder.  In *Politi*, this Court found that because Plaintiff did not allege that he requested the defendants to stop calling him or to put him on a specific company do-not-call list, nor requested a copy of the defendants do-not-call procedures "[a]t best, it is unclear how the provision was violated." 2019 U.S. Dist. LEXIS 102449, at *11-12.  Similarly here, Plaintiff does not allege he requested any of the defendants to

---

[2] *See also Cunningham v. Air Voice, Inc.*, CIVIL ACTION NO. 4:19-CV-00096-ALM-CAN, 2020 U.S. Dist. LEXIS 51585, at *15 (E.D. Tex. Feb. 14, 2020); *Cunningham v. Sunshine Consulting Group, LLC*, No. 3:16-2921, 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018); *Cunningham v. Rapid Capital Funding, LLC*, No. 3:16-02629, 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017); *Cunningham v. Spectrum Tax Relief, LLC*, No. 3:16-2283, 2017 WL 3222559, at *7 (M.D. Tenn. July 7, 2017).

provide a do-not-call policy or training manual, nor alleges he requested the identity of the agent and his or hers employer's contact information.  Rather, Plaintiff simply parrots the language of the TCPA by alleging in conclusory fashion that "Defendants and/or their affiliates or agents" violated multiple provisions of § 64.1200(d). Compl. ¶ 7.  Accordingly, because  Plaintiff has failed to allege any set of facts to support these conclusions against Renny or Finneran, his second cause of action fails.

### 6. Plaintiff's Claim For Violation Of The Texas Business and Commerce Code § 305.053 Fails As A Matter Of Law

Plaintiff conclusory alleges in the Complaint that all of the Defendants and/or their affiliates or agents violated § 305.053 of the Texas Business and Commerce Code.  Compl. ¶ 12. Under Section 305.053, a "person who receives a communication that violated 47 U.S.C. § 227…may bring an action in [Texas] against the person who originates the communication." TEX. BUS. & COM. § 305.053.  However, where a plaintiff's underlying TCPA claims fail, such as here, his claims for violations of § 305.053 must likewise fail. *See Politi*, 2019 U.S. Dist. LEXIS 102449, at *8.  Thus, because Plaintiff's TCPA claims fail, so to must his claims against Renny and Finneran for violation of § 305.053.

### CONCLUSION

For the reasons set forth above, Defendants Renny and Finneran respectfully move this Court to enter an Order dismissing Plaintiff Craig Cunningham's Complaint for lack of personal jurisdiction, failure to state a claim, and for such further relief as this Court may deem proper.

Dated:  June 11, 2020                    **Respectfully submitted,**

                                          /s/ *Jason S. Weiss*
                                         Jason S. Weiss
                                         WEISS LAW GROUP
                                         5531 North University Drive, Suite 103
                                         Coral Springs, FL 33067
                                         Tel: 954-573-2800
                                         Fax: 954-573-2798
                                         Email: jason@jswlawyer.com
                                         *Counsel for Defendants GUSTAV RENNY and*
                                         *WILLIAM FINNERAN*
                                         Tel: (954) 573-2800
                                         Fax: (954) 573-2798


## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2020, I caused a copy of the foregoing document to be served via ECF on all parties entitled to receive notice.

                                         /s/    *Jason S. Weiss*
                                            Jason S. Weiss