IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **CRAIG CUNNINGHAM,** )<br>     **Plaintiff,** )<br> )<br>v. )<br> )<br>**ASSURED AUTO GROUP, INC.,** )<br>**NATIONAL AUTO PROTECTION CORP.,** )<br>**WILLIAM FINNERAN, GUSTAV RENNY,** )<br>**SUNPATH LTD.,** )<br>**NORTHCOAST WARRANTY** )<br>**SERVICES, INC.,** )<br>**JOHN/JANE DOES 1-5** )<br>     **Defendants.** | Case No. 4:20-cv-00141-RWS-KPJ |

**DEFENDANTS, ASSURED AUTO GROUP, INC., NATIONAL AUTO PROTECTION CORP., GUSTAV RENNY, WILLIAM FINNERAN, NORTHCOAST WARRANTY SERVICES INC. AND SUNPATH LTD.'S, MOTION TO DISMISS WITH PREJUDICE UNDER FEDERAL RULE 12(h)(3)**

Defendants, ASSURED AUTO GROUP, INC., NATIONAL AUTO PROTECTION CORP., GUSTAV RENNY, WILLIAM FINNERAN, NORTHCOAST WARRANTY SERVICES, INC. and SUNPATH LTD. (collectively "Defendants"), by and through undersigned counsel, hereby file this Motion to Dismiss Plaintiff, Craig Cunningham's ("Plaintiff"), Complaint with prejudice pursuant to Rules 12(h)(3) of the Federal Rules of Civil Procedure, and state as follows:

**INTRODUCTION**

For the sake of brevity, Defendants will not repeat the countless examples cited in their respective motions to dismiss and affirmative defenses regarding Plaintiff's well-documented track record as a professional and serial Telephone Consumer Protection Act ("TCPA") plaintiff, as being the leader of a commercial enterprise or the fact that Plaintiff's pleadings routinely fail to survive the motion to dismiss stage of cases. Plaintiff is undeniably in the business of encouraging and seeking out telemarketing and other commercial phone calls for the express purpose of eliciting

-1-

information in an attempt to cultivate claims under the TCPA, which manufactured claims Plaintiff uses to extract settlements through the filing of otherwise frivolous litigation. This instant lawsuit is just another example of Plaintiff's frivolous attempt that lacks any theory of recovery whatsoever.

At the time Plaintiff filed the instant lawsuit, his claims were barred as a matter of law. This constitutional bar was recently discussed in detail by three (3) different courts in determining motions to dismiss filed in opposition to TCPA claims filed in connection with telephone calls purportedly made prior to July 6, 2020 (*Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020) ("*AAPC*"), *Creasy v. Charter Communs., Inc.,* No. 20-1199 SECTION "F"*,* 2020 U.S. Dist. LEXIS 177798 (E.D. La. Sept. 28, 2020) ("*Creasy*") and *Lindenbaum v. Realgy,* Case No. 1:19-cv-2862 (N.D. Oh. 2020) ("*Lindenbaum*").

Federal Rule of Civil Procedure 12(h)(3) provides that:

> *Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action*. (emphasis added)

In *AAPC,* the Supreme Court of the United States ("SCOTUS") held that the TCPA, as written, was an unconstitutional, content-based suppression on free speech. As a remedy, SCOTUS severed the government-backed debt exception, but left the remainder of the TCPA in place. SCOTUS only severed the government-backed debt exception on a going-forward basis. Thus, at the time the calls alleged to have been made to Plaintiff here (and which form the basis of Plaintiff's Complaint), the TCPA was an unconstitutional, content-based restriction on speech, making Plaintiff's Complaint a nullity. Thus, because Plaintiff's Complaint is premised on the application of an unconstitutional law that is violative of the First Amendment, the Complaint fails as a matter of law and is required to be dismissed.

I.    **Alleged Calls**

Plaintiff alleges that he "received least 15 calls from a variety of spoofed caller ID s that contained a pre-recorded message and were initiated using an automated telephone dialing system and pre-recorded message" sometime before the filing of the Complaint on February 26, 2020. Plaintiff never alleges the dates of these alleged 15 calls and never alleges that he received any calls after July 6, 2020 – the date the Supreme Court decided *AAPC*. (*See* generally [D.E. 1]). As such, taking all allegations on their face as true, at all times Defendants allegedly made "at least 15 calls", Defendants were subject to unconstitutional content-based restrictions. This Court cannot wave a magic wand and make that constitutional violation disappear. As such, this Court is left with no choice but to dismiss this instant lawsuit.

II.   **AAPC Ruling**

In *AAPC,* SCOTUS held that the TCPA violated the First Amendment because it discriminates on speech based on its content. *AAPC*, 140 S. Ct. 2346 ("The initial First Amendment question is whether the robocall restriction, with the government-debt exception, is content-based. The answer is yes."). Specifically, SCOTUS held that the government-backed debt exception – added in 2015 – treated speech to collect a debt issued or guaranteed by the federal government more favorably than other forms of speech. *Id.* at 2347. As a remedy, SCOTUS severed the government-backed debt exemption on a prospective basis. *See Id.* at 2343 ("seven members of the Court conclude that the entire 1991 robocall restriction should not be invalidated, but rather that the 2015 government-debt exception must be invalidated and severed from the remainder of the statute.").

In one of only two decisions to address this issue post-*AAPC*, the Eastern District of Louisiana held that federal courts do not have subject matter jurisdiction over calls that occurred

prior to July 6, 2020. *Creasy,* No. 20-1199 SECTION "F"*,* 2020 U.S. Dist. LEXIS 177798. Likewise in *Lindenbaum,* Case No. 1:19-cv-2862 (N.D. Oh. 2020), the Court agreed with the findings in *Creasy* and went on to state that "the fact remains that at the time Defendant alleged engaged in the speech at issue, Defendant was subject to an unconstitutional content-based restriction. This Court cannot wave a magic wand and make that constitutional violation disappear." *Id.* Since all of the calls that were allegedly made to Plaintiff and form the basis of his claims against Defendants here were made prior to July 6, 2020, this case must be dismissed as the Court does not have jurisdiction to hear same.

### III.   This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims Because The Violation Of An Unconstitutional Law Is Not A Justiciable Question.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) Indeed, a federal court has the responsibility to consider the question of subject-matter jurisdiction *sua sponte* even if not raised by the parties and must dismiss any action where the court lacks jurisdiction. *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

A Rule 12(h)(3) motion to dismiss is analyzed under the same standards as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. *Gates v. Black Hills Health Care Sys. (BHHCS),* 997 F. Supp. 2d 1024, 1029 (D.S.D. 2014) (*citing Berkshire Fashions, Inc. v. M.V. Hakusan II,* 954 F.2d 874, 879 n.3 (3d Cir. 1992)). A Rule 12(h)(3) motion differs from a Rule 12(b)(1) motion only in that it can be brought at any time, by any party or interested individual, or considered *sua sponte* by the court. *See* 5B Charles Alan Wright et al., Federal Practice & Procedure § 1350 (3d ed.) "[L]ack of subject-matter jurisdiction . . . pursuant to Rule 12(h)(3) is not a waivable defense." *Flute v. United States*, 4:18-CV-04112-RAL, 2019 WL 3325353, at *4 (D.S.D. July 24, 2019).

If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of a lawsuit, <u>at any point during litigation</u>, the action can no longer proceed and must be dismissed as moot. *Yaakov v. Varitronics*, LLC, 200 F. Supp. 3d 837 (D. Minn. 2016); *see* Fed. R. Civ. P. 12(b)(1), 12(h)(3). Here, it has been found that the law under which Plaintiff seeks relief was, at the time of the alleged incident, unconstitutional and, consequently, Plaintiff cannot be afforded the relief he seeks.  This Court has no choice **but to dismiss this case with prejudice.**

"'[A]n unconstitutional law is void, and is as no law.'" *Montgomery v. Louisiana*, 136 S. Ct. 718, 731 (2016)(quoting *Ex parte Siebold*, 100 U.S. 371, 376 (1880)).  A violation of such a law is "not merely erroneous, but is illegal and void, and . . . [bestows upon] the Circuit Court . . . no jurisdiction of the causes." *Siebold*, 100 U.S. at 376-377; *see also Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 759-760 (1995) ("A court does not—in the nature of things it *can* not [*sic*]— give a 'remedy' for an unconstitutional statute, since an unconstitutional statute is not in itself a cognizable 'wrong.'") (emphasis in original and citing *Marbury*, 5 U.S. at 178) (Scalia, J. concurring); *McClure v. Middletown Hosp. Ass'n*, 603 F. Supp. 1365, 1368 (S.D. Ohio 1985) ("We accept the proposition that unconstitutional statutes are generally void *ab initio*[.]").

Here, the instant action is based on alleged violations of the automated-call ban prior to July 6, 2020, a period of time during which SCOTUS in *AAPC* determined that this ban was unconstitutional (and prior to SCOTUS' "cure" of the constitutional infirmity through severance of the government debt exception).  Accordingly, since Defendants could not have violated an unconstitutional statute and this Court cannot provide a remedy for a violation of an unconstitutional statute, there is no justiciable federal question, compelling dismissal.  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *See* F.R.C.P 12(h)(3).  The automated-call ban must be

assessed at the time Defendants allegedly committed the violations of the TCPA which, based on Plaintiff's own allegations, was prior to July 6, 2020 - a time when such a ban was unconstitutional. In *Montgomery*, SCOTUS addressed whether a new constitutional ruling from 2012 interpreting the Eighth Amendment to ban mandatory life sentences for juvenile homicide offenders must be applied retroactively to a juvenile who had been sentenced to life without parole in 1963. *See* 136 S. Ct. at 723.  SCOTUS concluded the answer is yes: a "penalty imposed pursuant to an unconstitutional law is no less void because the prisoner's sentence became final before the law was held unconstitutional.  There is no grandfather clause that permits States to enforce punishments the Constitution forbids. To conclude otherwise would undercut the Constitution's substantive guarantees." *Id*. at 730 (citing *United States v. U.S. Coin and Currency*, 401 U.S. 715, 724 (1971) ("'No circumstances call more for the invocation of a rule of complete retroactivity' than when '"the conduct being penalized is constitutionally immune from punishment."'")); *see also Waldron v. United States*, 146 F.2d 145, 147-148 (1944) (vacating judgment against criminal defendant based on violation of unconstitutional statute, explaining "inspection of the record discloses clearly that the court was without jurisdiction to enter the judgment").  These decisions unanimously recognize the fundamental unfairness of imposing penalties for violations of a statute that was concededly unconstitutional—and thus "void"—when the alleged violations occurred. *See Baucum*, 80 F. 3d at 540-41 ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)[.]")

Under Rule 12(h)(3), Defendants suggest (and hereby plead) that this Court lacks jurisdiction of the subject matter at issue, and the Court shall dismiss the instant matter as the Court lacks subject matter jurisdiction.  A "jurisdictional attack may be facial or factual." *Safe Air for*

*Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When, as the case is here, the challenge is based solely on the allegations in the Complaint (a "facial attack"), the court presumes that the allegations in the complaint are true. *Id.* However, the plaintiff bears the burden of establishing subject-matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

SCOTUS has long held that "if the laws are unconstitutional and void, the [federal court has] no jurisdiction of the causes." *Ex parte Siebold*, 100 U.S. 371, 377 (1880); *see also Montgomery v. Louisiana*, 136 S. Ct. 718, 724 (2016) (sentence under unconstitutional law is void because state was deprived of authority to impose it); *United States. v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)[.]"); *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 760, (1995) (Scalia, J., concurring) ("[W]hat a court does with regard to an unconstitutional law is simply to ignore it. It decides the case 'disregarding the [unconstitutional] law,' because a law repugnant to the Constitution 'is void, and is as no law.'" (second alteration in original) (citation omitted).)

As relevant here, a speaker should not be punished for engaging in speech that was restricted in an unconstitutional fashion at the time of the speech. *See Grayned v. City of Rockford*, 408 U.S. 104, 107 n.2, (1972) (holding, also with regard to an invalid time-place-manner restriction, that determining the speaker's fate required assessing "the facial constitutionality of the [restriction] in effect" at the time of the speech at issue). Once "a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)." *United States v. Baucum*, 80 F.3d 539, 541-42, 317 U.S. App. D.C. 63 (D.C. Cir. 1996).

**IV.   The TCPA Was Unconstitutional During the Time Of The Alleged Calls.**

As held by the *Creasy* court, the TCPA was unconstitutional between the enactment of the government-backed debt exemption in 2015 and when SCOTUS severed it from the remainder of the statute on July 6, 2020. *Creasy*, 2020 U.S. Dist. LEXIS 177798, at * 14. Emphasizing this point, six of the Justices on SCOTUS held that the TCPA as a whole was unconstitutional as written. *Id.* at *10. Indeed, the TCPA **only became constitutional after** SCOTUS severed the government-backed debt exemption on July 6, 2020. *Id.* at *12-14. Thus, all calls placed between 2015 and July 6, 2020 – which includes all of the calls at issue here – were placed at a time when the TCPA was unconstitutional. *Id.*

It is self-evident that a defendant cannot be held liable under an unconstitutional law, and that federal courts lack jurisdiction to enforce unconstitutional statutes. *Ex parte Siebold*, 100 U.S. 371, 377 (1880); *see also Montgomery v. Louisiana*, 136 S. Ct. 718, 724 (2016) (sentence under unconstitutional law is void because state was deprived of authority to impose it); *Baucum*, 80 F.3d at 540-41 ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)[.]"). As one of the most significant and well known United States Supreme Court cases in history held, "[a]n act of congress repugnant to the constitution cannot become a law." *Marbury v. Madison*, 5 U.S. 137, 138 (1803). As Justices Thomas and Gorsuch observed, it would be highly improper to hold defendants liable for calls that took place during a period of time in which the TCPA as a whole was unconstitutional. *AAPC*, 140 S. Ct. at 2363.

The plurality in *AAPC* spelled out the "narrowest grounds" that commanded majorities: six members agreed that the TCPA, as written, violated the First Amendment, and seven members agreed that the government-backed debt exception should be severed. *AAPC*, 140 S. Ct. at 2343.

These 2 holdings are binding on this Court. *See Creasy*, 2020 U.S. Dist. LEXIS 177798 at *8-9.

### V. All Calls Here Occurred When The TCPA Was Unconstitutional.

Plaintiff alleges that he received "at least 15" calls from Defendants prior to the filing of the Complaint. He does not allege that he received any other calls. Accordingly, all of the calls occurred during a time in which SCOTUS held the TCPA was unconstitutional as a content-based restriction on speech. *See AAPC*, 140 S. Ct. at 2346 (plurality opinion); *Id*. at 2356-57 (Sotomayor, J., concurring in the judgment) ("Even under intermediate scrutiny, the Government has not explained how a debt-collection robocall about a government-backed debt is any less intrusive or could be any less harassing than a debt-collection robocall about a privately backed debt."); *Id.* at 2364 (Gorsuch, J., concurring in the judgment in part and dissenting in part) ("The statute is content-based because it allows speech on a subject the government favors (collecting its debts) while banning speech on other disfavored subjects (including political matters).").

Accordingly, because the TCPA only passed constitutional muster after July 6, 2020, this Court lacks subject matter jurisdiction over the calls at issue here. Each call – a form of speech – occurred during a time when the TCPA was effectively void. *See Creasy*, 2020 U.S. Dist. LEXIS 177798, at *14-15 ("the unconstitutional amended version of §227(b)(1)(A)(iii) is what applied to [Defendants] at the time of the challenged communications at issue, and that fact deprives the Court of subject matter jurisdiction to adjudicate [Loan Depot]'s liability with regard to such communications."); *Baucum*, 80 F.3d at 541-42 (holding that federal courts are without jurisdiction to enforce violations of an unconstitutional statute "since there is no valid 'law of the United States' to enforce."). This Court has no choice but to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(h)(3).

## CONCLUSION

*AAPC* held that the TCPA's automated-call ban was an unconstitutional, content-based restriction when combined with the government debt exception enacted in 2015 and remained as such until the Supreme Court severed it on July 6, 2020. *AAPC*, 140 S. Ct. at 2343. The violations of the automated-call ban asserted by Plaintiff here all occurred during the time period in which the ban was unconstitutional. Thus, the Court's hands are tied and must dismiss this action with prejudice because it lacks jurisdiction to enforce a void law against Defendants. *See Marbury*, 5 U.S. at 180.

/s/ *Jason S. Weiss*
Jason S. Weiss
**WEISS LAW GROUP, P.A.**
5531 North University Drive, Suite 103
Coral Springs, FL 33067
Tel: 954-573-2800
Fax: 954-573-2798
Email: jason@jswlawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2020, a true and correct copy of the above and foregoing Motion to Dismiss was served to all counsel of record via ECF and on *pro se* Plaintiff via Certified Mail at the address below:

Craig Cunningham, **Plaintiff** *pro se*
3000 Custer Road, Suite 270-206
Plano, TX 75075

/s/ *Jason S. Weiss*
Jason S. Weiss